IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                       **PLAINTIFF**

v.                                                                  No. 4:24CV105-SA-DAS

**PETRIA L. MONEY (REGISTERED NURSE)**                             **DEFENDANT**

**ORDER *DISMISSING* CASE WITHOUT PREJUDICE IN
ACCORDANCE WITH THE COURT'S PREVIOUS SANCTIONS ORDER;
*DISMISSING AS MOOT* PLAINTIFF'S MOTION [13] FOR A HEARING**

The court takes up, *sua sponte*, the dismissal of this case. On July 19, 2023, the court imposed the following sanction upon Dean C. Boyd for filing a slew of frivolous and vexatious cases in this court:

> **Before Dean C. Boyd may file suit in this court in the future, for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred.** In addition, he must include a copy of this order with any suit he files in this court in the future.

*Boyd v. Allegiance Specialty Hospital of Greenville*, 4:22CV101-GHD-DAS (Order of July 19, 2023) (footnotes omitted) (emphasis in original).

In the present case, Boyd alleges that defendant Nurse Money has intentionally caused him pain and injury – intentionally given him the wrong medication – and threatened to kill him. He has not, however, offered any motive for her to have done these things to him or threatened him. This pattern of allegations is all too familiar, as noted in the court's previous sanctions order:

> [T]o say the least, in the aggregate many of his allegations are utterly implausible. For example, many of his cases center on the allegation that various people (many of whom were relative strangers to him), without provocation, intentionally injured and tortured him. *See, e.g.*, allegations in the cases (listed in the memorandum opinion) regarding his stay at Allegiance Specialty Hospital of Greenville, LLC ("ASH"), as well as in *Boyd v. Spencer, et al.*, 4:21-CV-35-GHD-JMV (allegation that physical therapist intentionally caused Boyd pain during treatment). The alleged perpetrators include prison medical staff, physical therapists, state and private prison guards, private hospital staff, hospital administrators, private doctors, and others. *Id*. The

> allegations involve, for example, medical providers and others who came to his unit, some during his time at the Mississippi State Penitentiary hospital, and others who provided him care at a private hospital. *Id.*
>
> Further, Boyd does not offer any *motive* for the defendants in these cases, many of whom were strangers to him, to hold such animosity and vitriol towards him – enough to physically attack and torture him. In short, according to Mr. Boyd, many of his medical care providers (including administrators), state and private prison guards and other state and private staff, intentionally harmed him for no reason whatsoever – no matter where he received care – and no matter whether they worked for the state or a private company. In addition, the court has not noted a single instance where Boyd has offered documentary evidence (other than his own statements) to support his litany of shocking allegations. Invariably, his medical records reflect that he received some form of treatment, but nothing in those records shows that he was attacked, beaten, tortured, or otherwise mistreated.

*Id.* Given the utter implausibility of Boyd's allegations in his previous suits – and the lack of even a shred of evidentiary support –it appears that he simply invented allegations out of whole cloth and presented them to the court in the form of a prisoner civil rights complaint.

As in his previous frivolous cases, Boyd has alleged that the defendant has done cruel and vicious things to him; also, as in those cases, Boyd has not provided an iota of documentary evidence to support his allegations. The court's 2023 sanctions order requires Boyd to do two things when seeking to file suit in this court: (1) provide a modicum of documentary proof to support each allegation; and (2) include a copy of the sanctions order with the complaint. He has done neither.

As such, the instant case is **DISMISSED** without prejudice for failure to comply with the court's sanctions order in *Boyd v. Allegiance Specialty Hospital of Greenville*, 4:22CV101-GHD-DAS (Order of July 19, 2023). In light of this ruling, the plaintiff's motion [13] for a hearing is **DISMISSED** as moot.

**SO ORDERED**, this, the 9th day of April, 2025.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE